UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SERGIO VAZQUEZ, | ) |
| Plaintiff, | ) |
| v. | ) |
| ALLEN COUNTY SHERIFF KENNETH FRIES, (Representative Capacity), JEFF SHIMKUS, MICHAEL SMITH, GABRIEL FURNISH, MICHAEL SMOTHERMON, JEREMY REPAAL, OFFICERS JOHN/JANE DOE (Allen County Police Officers); JAMES BROOKS, and MELANIE THOMPSON, | ) Case No. 1:07-cv-130 |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

Plaintiff, Sergio Vazquez, alleges against Defendants that:

1. The Plaintiff is Sergio Vazquez, a resident of Fort Wayne, Indiana.

2. The Defendants include:

   a. the Sheriff of Allen County, Kenneth Fries, herein sued in his representative capacity as the employer of the individual Allen County Officers, whose tortious acts cause the Allen County Sheriff to be liable under the tort laws of the State of Indiana, based on the doctrine of *respondeat superior*;

   b. Officers Jeff Shimkus, ACPD #207, Michael Smith, Gabriel Furnish, Michael Smothermon, Jeremy Repaal are named in their individual capacities as persons acting within the scope of their employment and under color of law at all material times to this complaint. Defendants, and each of them,

    were Allen County Police Officer who violated the Plaintiff's rights under the tort laws of Indiana and the Fourth and Fourteenth Amendments of the United States Constitution;

  c. Other "John Does/Jane Does" Allen County Police Officers, whose actions were committed withing the scope of their employment and under color of law, are named in their individual capacities for conduct that violated the tort laws of Indiana and the Fourth and Fourteenth Amendments of the United States Constitution (the names of these officers will be made a part of this Complaint after the officers' identities are determined);

  d. Defendants James Brooks and Melanie Thompson were employed by the Federal Marshal's Service at all material times to this Complaint. Defendants Brooks and Thompson, and each of them, are named in their individual capacity, as persons acting within the scope of their employment and under color of law at all material times to this complaint. Plaintiff names these Defendants pursuant to 28 U.S.C. § 1331, and <u>Bivens v. Six Unknown Names Agents</u>, 403 U.S. 388 (1971), for violating the Plaintiff's federally protected rights to be free from excessive force and unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

3. The Defendants Shimkus, Smith, Furnish, Smotherman, Repaal, and Defendants John/Jane Does are sued in their individual capacity under 42 U.S.C. § 1983; Defendants Brooks and Thompson are sued in their individual capacities pursuant

to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Names Agents</u>, 403 U.S. 388 (1971).

4. The Plaintiff filed a Notice of Tort Claim on or about August 1, 2006, a copy of which is attached hereto, made a part hereof, and incorporated herein as "Exhibit A;" Defendant Allen County Sheriff never responded to the tort claim; all prerequisites to suit have been fulfilled.

5. On or about April 14, 2006, by information and belief, Allen County Sheriff Deputies/Officers Shimkus, Smith, Furnish, John Doe/Jane Does, along with Defendants Brooks and Thompson, arrived at Plaintiff's home located at 3521 Oliver Street, Fort Wayne, Indiana 46806, and without an arrest or search warrant, entered the home by pushing aside Plaintiff's wife, at which time these Defendants entered the home without her permission and without permission of the Plaintiff. Upon entering, these Defendants participated in and/or assisted in a search of the home, in which the Defendant Officers and/or Defendant Marshals looked through Plaintiff's personal things, including drawers in desks, papers, and other places, where a human body could not fit; Defendants then left.

6. These Defendants took several items of Plaintiff's personalty, including a manilla envelope that was on top of the office desk, before leaving.

7. Plaintiff was on the phone with his wife when this illegal search happened, and he promptly came home. Plaintiff was outside his home when law enforcement personnel arrived a second time. Plaintiff cooperated with his detention and arrest, neither attempting to flee nor resist arrest. On information and belief, Defendant

       Officers Shimkus, Smothermon, Repaal, John/Jane Does, and Marshals Brooks and Thompson, detained and arrested Plaintiff while Plaintiff was still outside of the home, for allegedly failing to comply with Indiana's sex offender registration law. After placing Plaintiff under arrest, these Defendants went into the home again, without a search warrant; when Plaintiff asked for a search warrant, Plaintiff was told that they did not "need" a search warrant. When the Defendant Officers and Marshals entered the home they pointed their guns at the individuals inside, including Plaintiff's minor son. These Defendants furthermore performed and/or assisted with an illegal search of the home. During this second search of Plaintiff's home, the Defendants opened up Plaintiff's lock box which was on the bed with the keys beside it.

8. On information and belief, Defendant Shimkus fabricated information and evidence, in violation of the Constitution of the United States of America, by declaring, among other things, that Plaintiff had been convicted of a Class C Felony sexual misconduct charge and was in violation of Indiana's Sex Offender Registration law (I.C. 5-2-12-4) – both allegations were untrue. In fact, the State of Indiana, by the Deputy Prosecuting Attorney for the 38th Judicial Circuit, filed a Motion to Dismiss on May 12, 2006, declaring that: "The Defendant [Vazquez] does not fit the statutory requirements of I.C. 5-2-12-4." Subsequently, on May 15, 2006, the Allen Superior Court, in Cause No. 02D04-0604-FD-310, entered an Order dismissing the criminal case against Sergio Vazquez.

9. Plaintiff claims that his Fourth and Fourteenth Amendment rights, which are protected by the United States Constitution, were violated:

a. The individual Officer Shimkus, fabricated evidence and information in support of probable cause for the arrest of Plaintiff and applied for an Affidavit for Probable Cause and arrest warrant, which contained falsehoods – causing Plaintiff to be arrested for the crime of failing to register as a sex offender, a criminal charge which was ultimately dismissed because Vazquez did not fit the statutory requirements of I.C. 5-2-12-4 and had not violated the Indiana Sex Offender Registration Law;

b. The Defendant Allen County Officers, and Marshals Brooks and Thompson, entered Plaintiff's home without his permission or his wife's permission and searched his home without having a search warrant or sufficient legal justification;

c. The scope of the Defendants' warrantless searches of Plaintiff's home extended into areas of the home that were neither in plain view nor where a person could hide;

d. Plaintiff's property was seized without warrant or sufficient legal justification;

e. Plaintiff was arrested and maliciously prosecuted for crimes that he did not commit, causing false arrest, malicious prosecution, violations of his constitutional rights, loss of freedom, humiliation, embarrassment and other damages and injuries;

f. Defendants subjected Plaintiff and his family to excessive force, by unnecessarily pointing a gun at Plaintiff and his family.

10. No reasonable police officer (at least no reasonable police officers who could read and write), could have believed that Plaintiff fit the statutory requirements to be charged with the crime of failing to register as a sex offender, as such crime requires that the person arrested had been found guilty of a Class C felony, and there is no judgment or conviction of the Plaintiff ever having been found of a Class C felony.

11. The Allen County Sheriff, in his representative capacity as the employer of the individual Officers, is liable for the tortious acts of his deputies/county officers, including the acts of falsely arresting and maliciously prosecuting the Plaintiff; there was never probable cause to arrest the Plaintiff and the Defendant Officer Shimkus acted in bad faith in providing false information in support of probable cause, the Affidavit for Probable Cause and an arrest warrant, intentionally representing to the Prosecutor that the Plaintiff had been convicted of a Class C Felony sex crime, when in fact the Plaintiff had never been convicted of any Class C Felony.

12. The individually named Defendants, and each of them caused, and/or assisted in the false arrest and malicious prosecution of Plaintiff, subjected Plaintiff to the wrongful search of his home, and seizure of his property. The wrongful conduct of the Defendants caused Plaintiff to suffer injury to his reputation, humiliation, embarrassment, loss of property, money, and other damages and injuries. Defendants conduct caused Plaintiff furthermore to being handcuffed, caused him the wrongful loss of liberty, and caused trauma to Plaintiff, his wife, and his children.

13. As to the Allen County Sheriff and Defendant Officer Shimkus, Plaintiff brings this

        claim pursuant to the tort law of Indiana (for false arrest and malicious prosecution).

14.     As to Defendants Shimkus, Smith, Furnish, Smothermon, Repaal, and John/Jane Does, Plaintiff brings this claim pursautn to the Fourth Amendment and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983 (for wrongful search and seizure and excessive force).

15.     As to Defendants Brooks and Thompson, Plaintiff brings this claim for excessive force, the unreasonable seizure of his person and property, and the unreasonable search of his home, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 28 U.S.C. § 1331, and <u>Bivens v. Six Unknown Names Agents</u>, 403 U.S. 388 (1971).

16.     The Defendants acted intentionally and in reckless disregard of Plaintiff's federally protected civil rights, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants, as follows:

    a.    As against the Sheriff of Allen County, for compensatory damages;

    b.    As against Officer Shimkus, compensatory and punitive damages, available under Indiana Tort Law as to false arrest and malicious prosecution;

    c.    As against Officers Shimkus, Smith, Furnish, Smothermon, Repaal, and John Doe/Jane Doe Officers, compensatory and punitive damages and any and all other relief available under the Fourth Amendment, 42 U.S.C. § 1983, and § 1988 (including attorney's fees and costs);

    d.    As against Federal Marshals Brooks and Thompson, for compensatory and punitive damages, and any other available relief (including attorney fees and costs), pursuant to the Fourth and Fourteenth Amendments, 28 U.S.C. §

1331, and <u>Bivens v. Six Unknown Names Agents</u>, 403 U.S. 388 (1971);

e. And for any and all other just and proper relief in the premises.

**JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**


s/Ilene M. Smith
Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:         cmyers@myers-law.com
                    ismith@myers-law.com
Attorneys for Plaintiff

S:\Vazquez, Sergio\Complaint - First Amended.wpd/dd

LAW OFFICES
# CHRISTOPHER C. MYERS & ASSOCIATES

809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone (260) 424-0600
Facsimile (260) 424-0712

CHRISTOPHER C. MYERS
cmyers@myers-law.com

ILENE M. SMITH
ismith@myers-law.com

August 1, 2006

James Herman, Allen County Sheriff
Courthouse, Room 101
Fort Wayne, Indiana 46802

President
Allen County Board of Commissioners
1 East Main Street, 2nd Floor
Fort Wayne, Indiana 46802

## NOTICE OF TORT CLAIM

Dear Gentlemen:

Please be advised that I represent Sergio Vasquez. This letter will serve as Mr. Vasquez's Notice of Tort Claim.

### Circumstances Which Brought About the Loss:

Allen County Sheriff Deputies searched the Claimant's home without a warrant, and then again, searched the Claimant's home after Claimant was arrested without a search warrant, on or about April 14, 2006.

Allen County Sheriff's Deputies came to Claimant's home and searched it without Complainant's permission and without a warrant. Claimant was arrested on March 14, 2006 for allegedly failing to register as a sex offender. The Claimant was charged with failing to register as a sex offender, Case No. 02D04-0604-FD-000310. However, Claimant, Sergio Vasquez did not fit the statutory requirements of having to register as a sex offender under I.C. § 5-2-12-4. The State dismissed all charges against Claimant on or about May 12, 2006, but not before Complainant was arrested, charged, hired an attorney, and had to post bond. Defendants are liable for false arrest, malicious prosecution, and depriving Claimant of his constitutional rights.

### Extent of the Loss:

Claimant was maliciously prosecuted, deprived of his constitutional rights, loss of freedom, humiliation, and embarrassment.

### Time and Place the Loss Occurred:

The loss occurred on April 14, 2006, at Claimant's residence at 3521 Oliver Street, Fort Wayne, Indiana 46806.

# EXHIBIT A

LAW OFFICES
## CHRISTOPHER C. MYERS & ASSOCIATES

Notice of Tort Claim
Re:   Sergio Vasquez

Page 2- August 1, 2006

### Names of All Persons Involved (If Known):

Claimant Sergio Vasquez;
Patrick O'Riordian, Supervisor of the Allen County Bureau of Identification;
Officer Gabe Furnish;
Allen County Police Department Officer Jeff Shimkus;
Investigator David N. Helmkamp;
Crystal Barker (Employee of Bureau of Identification);
Nikos Nakos;
Karen Richards/Prosecuting Attorney for 38th Judicial Circuit, State of Indiana; and
Christine A. Paschen/Deputy Prosecuting Attorney.

### The Amount of the Damages Sought:

Claimant suffered loss of his freedom, embarrassment, humiliation, false arrest, malicious prosecution, attorneys' fees, bond money, and other damages and injuries. Presently the cap for tort claims is $300,000.00. Claimant seeks compensation within the cap to compensate him for his losses.

### Residence of Claimant at the Time of the Loss and at the Time of the Filing of This Notice:

Both at the time of loss and currently, Complainant resides and resided at 3521 Oliver Street, Fort Wayne, Indiana 46806.

Very truly yours,

CHRISTOPHER C. MYERS & ASSOCIATES

Christopher C. Myers

CCM/ksc
cc:   Sergio Vasquez
S:\Vasquez, Sergio\Notice of Tort Claim.wpd